Michael Schonbuch (Bar No. 150884)
schonbuch@schonbuchhallissy.com
Lilah N. Cook (Bar No. 350775)
cook@schonbuchhallissy.com
SCHONBUCH HALLISSY LLP
11999 San Vicente Boulevard, Suite 300
Los Angeles, CA 90049
Tel.: (310) 556-7900
*Attorneys for Defendants Sean Combs,*
*Bad Boy Entertainment LLC, and*
*CeOpco, LLC*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| BRYANA BONGOLAN,<br><br>                    Plaintiff,<br><br>        v.<br><br>SEAN COMBS; BAD BOY ENTERTAINMENT; BAD BOY RECORDS; EPIC RECORDS; COMBS ENTERPRISES, LLC; and DOE CORPS. 1–25,<br><br>                    Defendants. | Case No. 2:25-cv-11160-FMO-ASx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Hearing Date: April 9, 2026<br>Time: 10:00 a.m.<br>Judge: Hon. Fernando M. Olguin<br>Courtroom: 6D |

# **TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................................... 1

II.   FACTUAL ALLEGATIONS ................................................................................... 2

III.  APPLICABLE LEGAL STANDARD .................................................................... 3

IV.   ARGUMENT ........................................................................................................... 4

  A.    The Claims Are Barred by the Statute of Limitations…….................................... 4

  B.    The SAC Fails to State a Claim Against Mr. Combs............................................. 7

    1.   *False Imprisonment Is Inadequately Pleaded Against Mr. Combs* .................. 7

    2.   *Gender Violence Under Cal. Civ. Code § 52.4 Is Inadequately
    Pleaded Against Mr. Combs* ........................................................................... 7

    3.   *The SAC Does Not Allege a Plausible Claim Under the RCRA* ...................... 8

    4.   *The SAC Does Not Allege a Plausible Claim Under the BCRA* ...................... 9

  C.    The SAC Fails to State a Claim Against the Corporate Defendants .................... 10

    1.   *The Corporate Defendants Cannot Be Treated as a Single Entity* ................ 10

    2.   *The Corporate Defendants Are Not Vicariously Liable to Plaintiff* .............. 11

    3.   *Plaintiff's Claim for Negligent Supervision/Retention/Failure to Warn
    Is Inadequately Pleaded* ................................................................................ 13

V.    CONCLUSION ..................................................................................................... 14

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**CASES**                                                                                                    **PAGE(S)**

*Acevedo v. eXp Realty, LLC*,
    713 F. Supp. 3d 740 (C.D. Cal. 2024)................................................................5, 13

*Allen v. City of Sacramento*,
    234 Cal.App.4th 41 (Cal. Ct. App. 2015) ..........................................................9, 10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .............................................................................................*passim*

*Austin B. v. Escondido Union Sch. Dist.*,
    149 Cal.App.4th 860 (Cal. Ct. App. 2007) ..........................................................8, 9

*Barnhart v. Peabody Coal Co.*,
    537 U.S. 149 (2003) ..................................................................................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................................3

*Bianco v. Warner*,
    562 F. Supp. 3d 526 (C.D. Cal. 2021)......................................................................4

*Crawford-Hall v. United States*,
    394 F. Supp. 3d 1122 (C.D. Cal. 2019)....................................................................5

*CRST, Inc. v. Superior Court*,
    11 Cal.App.5th 1255 (Cal. Ct. App. 2017) .......................................................11, 12

*D.Z. v. L.A. Unified Sch. Dist.*,
    35 Cal.App.5th 210 (Cal. Ct. App. 2019) ........................................................13, 14

*Doe v. Kachru*,
    115 Cal.App.5th 175 (Cal. Ct. App. 2025) .........................................................7, 8

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
    751 F.3d 990 (9th Cir. 2014)....................................................................................3

*Far West Financial Corp. v. D & S Co.*,
    46 Cal.3d 796 (1988).........................................................................................12, 13

*Farmers Ins. Grp. v. County of Santa Clara*,
    11 Cal.4th 992 (1995)..............................................................................................12

*Fermino v. Fedco, Inc.*,
  7 Cal.4th 701 (1994)...............................................................................................7

*Greenspan v. LADT, LLC*,
  191 Cal.App.4th 486 (Cal. Ct. App. 2010) ...............................................................11

*Jablon v. Dean Witter & Co.*,
  614 F.2d 677 (9th Cir. 1980)......................................................................................4

*Kaldis v. Wells Fargo Bank, N.A.*,
  263 F. Supp. 3d 856 (C.D. Cal. 2017).........................................................................4

*Lisa M. v. Henry May Newhall Mem. Hosp.*,
  12 Cal.4th 291 (1995).........................................................................................12, 13

*Lopez v. Watchtower Bible & Tract Soc. of N.Y., Inc.*,
  246 Cal.App.4th 566 (Cal. Ct. App. 2016) ...............................................................13

*L.A. Lakers, Inc. v. Fed. Ins. Co.*,
  869 F.3d 795 (9th Cir. 2017).......................................................................................5

*Lucius v. Erewhon Mkt.*,
  2025 WL 3190901 (C.D. Cal. Oct. 16, 2025)........................................................9, 10

*MacIsaac v. Waste Mgmt. Collection & Recycling, Inc.*,
  134 Cal.App.4th 1076 (Cal. Ct. App. 2005) ...............................................................5

*Mary M. v. City of Los Angeles*,
  54 Cal.3d 202 (1991).........................................................................................11, 12

*S. Cal. Gas Co. v. Flannery*,
  5 Cal.App.5th 476 (Cal. App. Ct. 2016) .....................................................................9

*Scofield v. Critical Air Med., Inc.*,
  45 Cal.App.4th 990 (Cal. Ct. App. 1996) ...................................................................6

*Swadener v. California*,
  2025 WL 1095377 (S.D. Cal. Mar. 3, 2025)............................................................4, 5

*Toho-Towa Co., Ltd. v. Morgan Creek Prods., Inc.*,
  217 Cal.App.4th 1096 (Cal. Ct. App. 2013) .............................................................11

*Unruh-Haxton v. Regents of Univ. of Cal.*,
  162 Cal.App.4th 343 (Cal. Ct. App. 2008) .................................................................5

**STATUTES**

Cal. Civ. Code § 51.........................................................................................................8

Cal. Civ. Code § 51.7......................................................................................................8

Cal. Civ. Code § 52.4......................................................................................................4

Cal. Civ. Proc. Code § 338 .............................................................................................4

Cal. Civ. Proc. Code § 340 .......................................................................................*passim*

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Defendants Sean Combs ("Mr. Combs"), CeOpco, LLC f/k/a Combs Enterprises LLC d/b/a Combs Global ("CeOpco"), and Bad Boy Entertainment LLC ("BBE") (together with CeOpco, the "Corporate Defendants") respectfully submit this Memorandum of Points and Authorities in support of their motion to dismiss the Second Amended Complaint ("SAC"), dated February 12, 2026 (the "Motion to Dismiss"), under Fed. R. Civ. P. 12(b)(6), for the following reasons: (1) expiration of the applicable statutes of limitations with respect the Third Cause of Action against all Defendants; (2) failure to state a claim upon which relief can be granted with respect to the Third, Fourth, Fifth, and Sixth Causes of Action against Mr. Combs; and (3) failure to state a claim upon which relief can be granted with respect to the Second through Seventh Causes of Action against the Corporate Defendants.

## I.   INTRODUCTION

Plaintiff Bryana Bongolan asserts multiple claims against Defendants premised on the allegation that Mr. Combs assaulted her in September 2016.  The SAC also purportedly alleges claims against the Corporate Defendants—both independently formed legal entities—premised upon Mr. Combs's alleged misconduct simply because he allegedly owns them.  As demonstrated below, the enumerated claims should be dismissed.

First, the applicable statutes of limitations completely bar Plaintiff's false imprisonment claim and it is not revived by any applicable statute.  Additionally, most of the allegations in the SAC are time-barred because they do not concern damages arising because of sexual assault.

Second, the enumerated claims against Mr. Combs should be dismissed for failure to state a claim upon which relief can be granted.  The SAC fails to adequately plead (i) "intent" for either false imprisonment or gender violence under Cal. Civ. Code § 52.4, (ii) "motivation" under the Ralph Civil Rights Act ("RCRA"), or (iii) the required elements under the Bane Civil Rights Act ("BCRA"), which cannot rely on the one alleged assault.

Third, the claims against the Corporate Defendants are inadequately pleaded. The SAC improperly treats them as a single entity for liability purposes. Group pleading is permissible only if plausible allegations are included that justify such practice. But such necessary allegations are absent. Regardless, the Corporate Defendants' liability is predicated solely on the theory of *respondeat superior*. That too is inadequately pleaded. The SAC fails to plausibly allege either an employment relationship between any of the Corporate Defendants, on the one hand, and Mr. Combs, on the other, or that the alleged assault was within the scope of Mr. Combs's alleged employment. Even absent these material deficiencies, vicarious liability is also inadequately pleaded because no plausible claim is alleged against Mr. Combs, foreclosing the imposition of vicarious liability on any person. No claim can survive the Motion to Dismiss.

## II.   FACTUAL ALLEGATIONS

Plaintiff allegedly first met Mr. Combs in 2014 through her friend Casandra Ventura ("Ms. Ventura"), who was then dating Mr. Combs. (SAC ¶ 22.) In 2016, Plaintiff allegedly began designing clothes and art for Mr. Combs and Ms. Ventura. (*Id.* ¶ 29.) No details are alleged whether it was for fun, work, or otherwise.

Plaintiff's claims center an on an alleged assault that that purportedly occurred in September 2016. Plaintiff and her-then girlfriend were with Ms. Ventura at her apartment in Los Angeles. (*Id.* ¶ 15.) Mr. Combs allegedly came to the apartment, aggressively grabbed Plaintiff, dangled her over a balcony railing, and then threw her into some outdoor furniture. (*Id.* ¶¶ 17–20.) Before allegedly dangling Plaintiff, Mr. Combs allegedly grabbed her breasts. (*Id.* ¶ 17.)

Besides Mr. Combs, Plaintiff seeks liability against the Corporate Defendants for his alleged misconduct. In conclusory fashion, the SAC alleges that Mr. Combs controlled or otherwise served as an executive for the Corporate Defendants, making all of them Plaintiff's employer. (*Id.* ¶¶ 2–7.)[1] It likewise conclusory alleges that the

---

[1] Paragraph 5 of the SAC is blank. (SAC ¶ 5.)

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Corporate Defendants knew about Mr. Combs's history of violent conduct and failed to stop the assault. (*Id.* ¶¶ 37–38.) No other misconduct is alleged. On this thin reed, Plaintiff demands that the Corporate Defendants be held liable under *respondeat superior*.

## III.    APPLICABLE LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation omitted).

Assessing a motion to dismiss is a two-step process that is "context specific" and "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679; *see Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995–96 (9th Cir. 2014). Initially, the Court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. All such allegations are automatically disregarded by the Court. *See id.* Next, a court "assume[s] the[] veracity" of the "*well pleaded* factual allegations" and "determine[s] whether they *plausibly* give rise to an entitlement to relief." *Id.* (emphasis added); *see Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." (quotation omitted).

## IV.    ARGUMENT

### A. The Claims Are Barred by the Statute of Limitations

A limitations defense can be asserted in a pre-answer motion if the defense is apparent on the face of the complaint. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).  The SAC purports to allege seven causes of action against Defendants: Sexual Battery (against Mr. Combs)  (First Cause of Action), Intentional Infliction of Emotional Distress ("IIED") (Second Cause of Action), False Imprisonment (Third Cause of Action), Gender Violence Under Cal. Civ. Code § 52.4 (Fourth Cause of Action), violation of the RCRA (Fifth Cause of Action), Violation of the BCRA (Sixth Cause of Action), and Negligent Supervision/Retention/Failure to Warn (against the Corporate Defendants only) (Seventh Cause of Action).

Because all claims are premised on the alleged assault in September 2016 (SAC ¶¶ 40–86), each is barred by the normally-applicable statutes of limitations identified below:

| Claim | Statute of Limitations |
| --- | --- |
| Sexual Battery | 2 years.  *See Bianco v. Warner*, 562 F. Supp. 3d 526, 531 (C.D. Cal. 2021). |
| IIED | 2 years.  *See Kaldis v. Wells Fargo Bank, N.A.*, 263 F. Supp. 3d 856, 867 (C.D. Cal. 2017) (citing Cal. Civ. Proc. Code § 335.1). |
| False Imprisonment | 1 year.  *See* Cal. Civ. Proc. Code § 340(c). |
| Gender Violence Under Cal. Civ. Code § 52.4 | 3 years.  *See* Cal. Civ. Code § 52.4(b). |
| Violation of the RCRA | 3 years.  *See* Cal. Civ. Proc. Code § 338(n). |
| Violation of the BCRA | 2 or 3 years.  "For liability arising out of common law neglect or personal injury, a two-year statute of limitations applies, but for statutory actions, a three- |

4

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

| | year limitations applies." *Swadener v. California*, 2025 WL 1095377, at *3 (S.D. Cal. Mar. 3, 2025). |
|---|---|
| Negligent Supervision/Retention /Failure to Warn | 2 years. *See Unruh-Haxton v. Regents of Univ. of Cal.*, 162 Cal.App.4th 343, 357 (Cal. Ct. App. 2008) (citing Cal. Civ. Proc. Code § 335.1). |

A statute is interpreted according to its plain and ordinary meaning. *See L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 802–03 (9th Cir. 2017); *MacIsaac v. Waste Mgmt. Collection & Recycling, Inc.*, 134 Cal.App.4th 1076, 1082 (Cal. Ct. App. 2005). Section 340.16 revives only claims where "damages [are] suffered as a result of sexual assault." Cal. Civ. Code § 340.16(a); *see Acevedo v. eXp Realty, LLC*, 713 F. Supp. 3d 740, 790–91 (C.D. Cal. 2024). Therefore, Section 340.16 cannot revive a claim for false imprisonment or any allegation not directly related to damages suffered from sexual assault.

The well-established cannon *expressio unius est exclusio alterius* supports Defendants' statutory reading because "when the items expressed are members of an 'associated group or series,' [it] justif[ies] the inference that items not mentioned were excluded by deliberate choice, not inadvertence." *Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003); *see Crawford-Hall v. United States*, 394 F. Supp. 3d 1122, 1143 (C.D. Cal. 2019). Had the Legislature intended for Section 340.16 to be a catch-all revival statute, then it would not specifically included the express limitation to "sexual assault" damages. The statute requires a claim-by-claim and allegation-by-allegation analysis to determine whether the claims/allegations actually seek "damages suffered as a result of sexual assault."

Section 340.16 cannot apply to a false imprisonment claim because the damages arising therefrom are primarily concerned with the forceable coercion and/or confinement of a person. A limited number of cases have analyzed the applicability of Section 340.16 (but only two state cases are reported). Of those few cases, none

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

concerned a false imprisonment claim and thus cannot provide guidance. But the language of the statute does, militating against finding applicability here.

The act of falsely imprisoning a person has no inherent connection to sexual assault. Instead, it concerns remedying the emotional distress incurred during the forcible confinement. *See Scofield v. Critical Air Med., Inc.*, 45 Cal.App.4th 990, 1002 (Cal. Ct. App. 1996) ("[E]motional distress is the primary injury resulting from an intentional tort such as false imprisonment"). And while other damages may be sought—such as physical discomfort and injuries—they stem from the imprisonment itself, which has nothing to do with "sexual assault." (*See id.*) That Plaintiff claims she was sexually assaulted during her alleged false imprisonment is irrelevant because the SAC purports to allege a sexual battery claim for the same act. (SAC ¶¶ 17–20.) Accordingly, the false imprisonment claim cannot be revived and must be dismissed as time-barred.

Considering the SAC's allegations as a whole, and assuming Section 340.16 applies, the only allegations that could be subject to revival are those directly related to damages "suffered as a result of sexual assault." Cal. Code Civ. Proc. § 340.16(a). The only allegation that concerns sexual assault is the September 2016 assault and the Corporate Defendants' purported general knowledge that such wrongdoing would likely occur. (SAC ¶¶ 14–20, 36–39.) None of the other SAC allegations are substantively, or even temporally related, to that alleged sexual assault, but, rather, concern alleged misconduct by Mr. Combs for which Plaintiff has not asserted any claim. (*Id.* ¶¶ 21–35.) For example, the allegation that Mr. Combs allegedly drugged Plaintiff on a trip to Joshua Tree National Park does not assert damages for sexual assault or imply that, because Mr. Combs allegedly drugged her, he was more likely to assault Plaintiff in a Los Angeles apartment building. (*Id.* ¶ 31.) These allegations are prejudicial and included to create a false narrative that Mr. Combs likely harmed Plaintiff.

Section 340.16 is explicitly limited to sexual assault damages. Therefore, allegations that have no bearing cannot be captured by the statute, regardless of their veracity, and should be excluded.

**B. The SAC Fails to State a Claim Against Mr. Combs**

1. *False Imprisonment Is Inadequately Pleaded Against Mr. Combs*

False imprisonment requires proving: (1) nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief. *See Fermino v. Fedco, Inc.*, 7 Cal.4th 701, 715 (1994) (en banc).

The SAC fails to adequately plead the intent element of a false imprisonment claim. Here, the claim is premised on Mr. Combs's alleged assault of Plaintiff in Ms. Ventura's apartment. (SAC ¶¶ 15–20, 52–58.) According to the SAC, Mr. Combs intended to injure Plaintiff in the course of that alleged assault. (*Id.* ¶¶ 17–20.) But this allegation is inadequate because "the intent element of false imprisonment does not entail an intent or motive to cause harm[,]" but, instead, an "*intent to confine.*" *Fermino*, 7 Cal.4th at 715–16 (emphasis added). The SAC nowhere alleges that Mr. Combs *intended to confine* Plaintiff to Ms. Ventura's apartment for the purpose of assaulting her. Indeed, the SAC alleged that it was not his apartment and that Plaintiff was already in the apartment where she was staying with her girlfriends. Accordingly, the false imprisonment claim should be dismissed.

2. *Gender Violence Under Cal. Civ. Code § 52.4 Is Inadequately Pleaded Against Mr. Combs*

A claim under Cal. Civ. Code § 52.4 requires (1) an act that would constitute a criminal offense under California law, assuming such act requires force or the threat of force against the person, and (2) commission of such act, in part, based on the person's gender. *See Doe v. Kachru*, 115 Cal.App.5th 175, 197 (Cal. Ct. App. 2025). The second element involves a person's intent. Section 52.4 "is not [] directed at individuals who perpetrate or threaten to perpetrate violence simply for the sake of

engaging in violence or as a mindless and random act[.]" *Id.* at 198.  Instead, the act or threat of force must stem, in part, because of "a bias or animus" stemming from the victim's gender.  *See id.* at 203.

Like false imprisonment, the intent element of a Section 52.4 claim must plead both the commission of the violent act, but also "bias or animus" based on gender motivating the act.  *Id.* at 201.  The claim here is based on the alleged September 2016 assault.  (SAC ¶¶ 17–20, 59–64.)  But nowhere is it alleged that Mr. Combs committed such assault because of Plaintiff's gender.  This element cannot be satisfied by Plaintiff pointing to her gender *ipso facto*.  "[S]imply because a victim of violence happens to be an individual whose attributes come within the definitional provisions of ["gender" under Section 52.4] does not, in and of itself, suffice to state a civil rights claim for gender violence." *Doe*, 115 Cal.App.5th at 198; *see id.* at 213, 215 (affirming dismissal of gender violence claim because plaintiff failed to plead that defendant committed the acts *because of* the victim's gender).  Accordingly, the claim should be dismissed.

3. *The SAC Does Not Allege a Plausible Claim Under the RCRA*

The RCRA provides, in pertinent part, that all persons "have the right to be free from any violence, or intimidation by threat of violence committed against their persons . . . on account of [delineated characteristics]."  Cal. Civ. Code § 51.7(b)(1).)  Such characteristics include "sex."  Cal. Civ. Code § 51(b).  To plead the  claim, it must be alleged that (1) defendant threatened or committed violent acts against the plaintiff, (2) plaintiff's protected characteristic was a motivating reason for the defendant's conduct, (3) plaintiff was harmed, and (4) defendant's conduct was a substantial factor in causing the harm. *See Austin B. v. Escondido Union Sch. Dist.*, 149 Cal.App.4th 860, 880–881 (Cal. Ct. App. 2007).

The motivation element is essential to an RCRA claim.  It is not enough for a person merely to commit a violent act against someone with a protected characteristic. *See id.*  The RCRA claim requires a person to commit the act *specifically because* of a

general bias or animus against people of the particular protected class. *See id.* The SAC does not come close to alleging such misconduct.

The *Austin B.* case highlights the importance of the tie between the violent act and the "bias or animus" motivating the commission of that act. There, a preschool instructor assaulted two children with severe mental disabilities. *See id.* at 865. While the court affirmed the instructor's battery conviction, it rejected the RCRA claim because of an absence of evidence concerning defendant's "motivation." *See id.* at 881. The court held that, while a battery occurred, "there was no evidence that [the instructor] took the alleged actions *because* he was biased against or had an animus against disabled children" in general. *Id.*

That same analysis applies here. It is alleged only that the assault in question was "motivated by [Plaintiff's] sex." (SAC ¶ 66.) That statement is far too conclusory to satisfy the motivation element. *See Iqbal*, 556 U.S. at 679; *S. Cal. Gas Co. v. Flannery*, 5 Cal.App.5th 476, 484 (Cal. App. Ct. 2016). And regardless, it fails to allege that Mr. Combs held an animus towards *women in general*, which is required. *See Austin B.*, 149 Cal.App.4th at 881. This purported claim is inadequately pleaded and should be dismissed.

### 4. *The SAC Does Not Allege a Plausible Claim Under the BCRA*

"The elements of a Bane Act claim are (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." *Lucius v. Erewhon Mkt.*, 2025 WL 3190901, at *9 (C.D. Cal. Oct. 16, 2025) (quotation omitted).

Like the other claims, the BCRA claim is premised on the alleged September 2016 assault. (SAC ¶¶ 17–20, 71–75.) That assault allegedly interfered with Plaintiff's "exercise or enjoyment of her right to be free from sexual assault and sex discrimination as secured by the laws of the States of California." *Id.* ¶ 72. While this allegation is conclusory and cannot be accepted, *see Iqbal*, 556 U.S. at 679, even if it could, it is nonetheless inadequately pleaded. A single allegation of "[w]rongful intimidation or

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

coercion cannot be used to satisfy both elements [of a BCRA claim.]" *Lucius*, 2025 WL 3190901, at *9.

For example, in *Allen v. City of Sacramento*, 234 Cal.App.4th 41 (Cal. Ct. App. 2015), plaintiffs alleged a BCRA violation based on an unlawful arrest by an on duty police officer. *See id.* at 46–47. But the Court dismissed the claim because plaintiffs failed to "allege[] coercion beyond the coercion inherent in any arrest." *Id.* at 69. Stated differently, while the arrest could satisfy the first element of the BCRA (*i.e.,* intentional interference with a legal right), plaintiffs needed to allege another separate act to satisfy the second element (*i.e.*, interference with the legal right by threats, intimidation, or coercion). *See id.* at 69–70. Because plaintiffs in *Allen* failed to do so, the BCRA claim was rejected.

Plaintiff faces the same impediment here as in *Allen* because the SAC relies on the September 2016 assault to satisfy both elements of the claim. (SAC ¶ 17–20, 72.) Because there is no second wrongful act on which the BCRA claim relies, the SAC fails to state a claim and it should be dismissed.

### C. The SAC Fails to State a Claim Against the Corporate Defendants

1. *The Corporate Defendants Cannot Be Treated as a Single Entity*

The SAC acknowledges that the Corporate Defendants are independently formed legal entities. (SAC ¶¶ 4, 6.) Even so, it fails to differentiate between those entities for purposes of liability, identifying them together as the "Defendant Corporations." (*Id.* ¶ 2.) For example, the SAC fails to particularize the following:

- Which Corporate Defendant knew about Mr. Combs's purported history of "violent proclivities" (SAC ¶ 37);
- How each Corporate Defendant—and who among any of its employees or agents—acquired such purported knowledge and when they did; or
- Whether the Corporate Defendants were positioned to curb such alleged "violent proclivities."

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

No legal doctrine permits group pleading here.  It may be allowable under the single-enterprise doctrine, which does not apply here.  That equitable doctrine permits affiliated corporations to be treated as one, is inapplicable.  *See Toho-Towa Co., Ltd. v. Morgan Creek Prods., Inc.*, 217 Cal.App.4th 1096, 1107–08 (Cal. Ct. App. 2013). The application of the single-enterprise doctrine reflects a determination that, "though there are two or more personalities, there is but one enterprise," permitting the whole to be liable for its component elements.  *Greenspan v. LADT, LLC*, 191 Cal.App.4th 486, 512 (Cal. Ct. App. 2010) (quotation omitted).

Whether a complaint adequately pleads a single-enterprise turns on factors, such as "the commingling of funds and assets of the two entities, identical equitable ownership in the two entities, use of the same offices and employees, disregard of corporate formalities, identical directors and officers, and use of one as a mere shell or conduit for the affairs of the other."  *Toho-Towa*, 217 Cal.App.4th at 1108–09.  The SAC fails to allege any of these factors.  Nor does it contain facts supporting an inference that the Corporate Defendants are alter-egos of one another or function as a unified enterprise.  The only allegation connecting the Corporate Defendants is the mere conclusion that Mr. Combs controlled or served in some executive capacity for each of them.  (SAC ¶ 2.)  Because that conclusory allegation must be disregarded, *see Iqbal*, 556 U.S. at 679, no allegations are pleaded to justify group pleading.

Plaintiff cannot avoid his pleading deficiencies by suing multiple entities collectively and then seeking to impose joint and several liability without alleging who engaged in what conduct and how such conduct gives rise to liability.  Accordingly, all claims should be dismissed against the Corporate Defendants.

2. *The Corporate Defendants Are Not Vicariously Liable to Plaintiff*

Under the doctrine of *respondeat superior*, an employer is vicariously liable for the torts of its employees committed within the scope of the employment."  *CRST, Inc. v. Superior Court*, 11 Cal.App.5th 1255, 1260 (Cal. Ct. App. 2017) (quotation omitted). Whether an employee is acting within the scope of his employment is determined "in

the context of the particular enterprise [whether] an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business." *Mary M. v. City of Los Angeles*, 54 Cal.3d 202, 209 (1991) (quotation omitted); *Far West Financial Corp. v. D & S Co.*, 46 Cal.3d 796, 813, fn. 13 (1988). "In other words, where the question is one of vicarious liability, the inquiry should be whether the risk was one that may fairly be regarded as typical of or broadly incidental to the enterprise undertaken by the employer." *Mary M.*, 54 Cal.3d at 209 (quotation omitted).

This vicarious liability standard is more stringent when a sexual tort is implicated. "[A] sexual tort will not be considered engendered by the employment unless its motivating emotions were fairly attributable to work-related events or conditions" (*e.g.*, where the sexual tort "serv[ed the company's] interests[.]" *Lisa M. v. Henry May Newhall Mem. Hosp.*, 12 Cal.4th 291, 301–302 (1995). Except in the circumstance of "*on-duty police officers* against members of the public" for acts of sexual assault, an  "employer is not vicariously liable to the third party for such misconduct." *Farmers Ins. Grp. v. County of Santa Clara*, 11 Cal.4th 992, 1006–07 (1995) (emphasis added).

Except for the negligent supervision claim, the claims against the Corporate Defendants are premised on vicarious liability. (SAC ¶¶ 47–75.) Therefore, the claims inadequately pleaded against Mr. Combs claims cannot be asserted against the Corporate Defendants because vicarious liability cannot apply absent a viable claim against the employee. *See CRST*, 11 Cal.App.5th at 1260. Regardless, the SAC's threadbare allegations cannot sustain any claims for vicarious liability.

The SAC fails to plausibly allege an employment relationship between the Corporate Defendants and Mr. Combs. Mr. Combs's employment role is nowhere alleged. Instead, it is conclusory alleged that the Corporate Defendants are owned and/or controlled by Mr. Combs, an allegation that cannot be considered. (SAC ¶ 2). *See Iqbal*, 556 U.S. at 679. Thus, no employment relationship is pleaded. The SAC

also fails to plausibly allege that the September 2016 assault was within the scope of Mr. Combs's employment.  No allegations are pleaded describing his employment duties—let alone any job description—at either of the Corporate Defendants.  Nor can one infer that the alleged misconduct was committed within the scope of employment. The Corporate Defendants are entertainment companies—a creative field in which violent criminal acts are assuredly not "a required cost of doing business." *Far West Financial Corp*, 46 Cal.3d at 813, fn. 13.

None of the  vicarious liability claims can succeed and should be dismissed against the Corporate Defendants.  *See Lisa M.*, 12 Cal.4th at 301–02 (denying vicarious liability where technician sexually assaulted patient because "[t]he technician's decision to engage in conscious exploitation of the patient did not *arise out of* the performance of the examination, [despite] the circumstances of the examination ma[king] it possible." (emphasis in original)).

### 3.   *Plaintiff's Claim for Negligent Supervision/Retention/Failure to Warn Is Inadequately Pleaded*

A claim for negligent supervision requires pleading the typical elements of a negligence claim: duty, breach, proximate causation, and damages.  *See Acevedo*, 713 F. Supp. 3d at 803.  But for a negligent supervision claim, the duty alleged requires establishing "the existence of an employment relationship *and* foreseeability of the injury." *Id.* (emphasis in original) (quotation omitted).  The duty element is adequately pleaded.  As discussed *supra* at pp. 11–13, no employment relationship is alleged between the Corporate Defendants and Mr. Combs.  Alleging that the Corporate Defendants are owned and/or controlled by Mr. Combs is inadequate.  *See Iqbal*, 556 U.S. at 679.

The SAC also fails to plead that the alleged assault was foreseeable to the Corporate Defendants.  Foreseeability in the negligent supervision context "requires showing [the] foreseeability of a *particular* risk of harm." *D.Z. v. L.A. Unified Sch. Dist.*, 35 Cal.App.5th 210, 235 (Cal. Ct. App. 2019) (emphasis in original); *see*, *e.g.*,

*Lopez v. Watchtower Bible & Tract Soc. of N.Y., Inc.*, 246 Cal.App.4th 566, 591 (Cal. Ct. App. 2016) ("To prevail on his negligent hiring/retention claim, Lopez will be required to prove Campos was Watchtower's agent and Watchtower knew or had reason to believe Campos was likely to engage in sexual abuse.").

All that is alleged regarding foreseeability is the conclusion that the Corporate Defendants "were aware of Mr. Combs'[s] violent proclivities in general, as well as his assault on Ms. Bonoglan in particular[.]" (SAC ¶ 37.)  It provides no information as to how such information was known to the Corporate Defendants or when such information was acquired.  And even if the Corporate Defendants were aware of Mr. Combs's purported temperament (*id.*), it does not mean they were aware he would likely engage in sexual assault.  Foreseeability requires an employer's knowledge of the *particular risk in question*, which is nowhere alleged in the SAC.  *See D.Z.*, 35 Cal.App.5th at 235.  The claim should be dismissed.

## V.   CONCLUSION

Based on all of the foregoing reasons, the Motion to Dismiss should be granted, together with such other and further relief as the Court deems just and proper.

Dated:  March 6, 2026

SCHONBUCH HALLISSY LLP

*/s/ Michael Schonbuch*

_____

Michael Schonbuch
Lilah N. Cook

*Attorneys for Defendants Sean Combs, Bad Boy Entertainment LLC, and CeOpco, LLC*

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

## **<u>CERTIFICATION OF COMPLIANCE</u>**

The undersigned, counsel of record for Defendants, certifies that this brief contains 4,431 words, which complies with the word limit of L.R. 11-6.1.

Dated:  March 6, 2026                    */s/ Michael Schonbuch*

_____

Michael Schonbuch
Lilah N. Cook

DEFENDANTS' MPA IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT